United States District Court
for the
Southern District of Florida

| Luis O. Rivera, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-62298-Civ-Scola |
| Spirit Airlines, Inc., Defendant. | ) |

**Order on the Motion to Dismiss**

Now before the Court is the Defendant's motion to dismiss. The Defendant Spirit Airlines, Inc. ("Spirit") moves to dismiss count two of the amended complaint. For the reasons set forth below, the Court **denies** Spirit's motion to dismiss (**ECF No. 15**).

1. **Background**

Plaintiff worked as a Quality Control Inspector for Spirit from May 28, 2009 until October 2, 2018. (ECF No. 13 at ¶ 10.) In mid-2017, Plaintiff applied for the position of Quality Control Supervisor. (*Id.* at ¶ 11.) Based on his training and experience, Rivera met or exceeded all of the requirements for the position. (*Id.*) David Caballero also applied for the position of Quality Control Supervisor, and he did not have the required experience. (*Id.* at ¶ 15.) Rivera told human resources that Caballero was not qualified, did not have the proper FAA certifications, and did not have enough experience to do the job. (*Id.* at ¶ 17.)

David Caballero was hired as the Quality Control Supervisor despite Rivera's warnings about his inexperience. (*Id.* at ¶ 18.) Caballero supervised Rivera, and the two disagreed often. (*Id.* at ¶¶ 19-22.) During one of their disagreements, on September 17, 2017, Rivera grounded an airplane in Fort Lauderdale over Caballero's objection because he thought that Caballero's decision to clear the plane to fly was improper and in violation of 14 CFR Part 121.153. (*Id.* at ¶¶ 22-23.)

In August 2018, Rivera requested time off for hernia surgery on September 4, 2018, and he notified Spirit that following the surgery he would not be allowed to lift heavy objects for several weeks. (*Id.* at ¶ 25.) He was expected to return to work on September 19, 2018. (*Id.* at ¶ 31.) He received a call on September 19, 2019 informing him that he was suspended with pay due to allegations of misconduct that had been lodged against him. (*Id.* at ¶ 33.) Two weeks later, human resources told him that the recent allegations could not be proven, but, nevertheless, he was terminated from his employment with Spirit due to

allegations of sexual harassment that had occurred five years ago. (*Id.* at ¶ 34.) On October 8, 2018, Rivera received a notice from human resources advising him that he was terminated for making repeated inappropriate comments to female employees and for inappropriately touching a female coworker. (*Id.* at ¶ 36.) Rivera denies these allegations. (*Id.*)

Rivera sues Spirit Airlines alleging that Spirit violated the Family and Medical Leave Act ("FMLA") and the Florida Whistleblower Act ("FWA") and demands back pay and reinstatement (or front pay in lieu of reinstatement). Spirit filed this motion seeking to dismiss the FBA claim, arguing that Rivera failed to state a claim.

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## 3. Discussion

To state a claim for retaliatory discharge under the FWA, a plaintiff must show that: "(1) she engaged in statutorily protected expression, (2) she suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity, and (3) there was some causal relation between the events." *Rutledge v. SunTrust Bank*, 262 Fed. App'x 956, 958 (11th Cir. 2008). To satisfy the "protected activity" element, a plaintiff is "required to show that he objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (III) illegal activity of an employee that has been ratified by the employer." *Ritenour v. AmeriGas Propane, Inc.*, 2019 WL 2008675, at *6 (S.D. Fla. March 15, 2019) (Bloom, J.) (quoting *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013)). In meeting this standard, all that is required is that the employee have a good faith, objectively reasonable belief that his activity is protected by the statute." *Id.*

In *Aery v. Wallace Lincoln-Mercury, LLC*, the Fourth District Court of Appeals held that a plaintiff must demonstrate that he "held a good faith, reasonable belief that the actions of the employer violated the law." 118 So. 3d 904, 916 (Fla. 4th DCA 2013). Subsequently, in *Kearns v. Famer Acquisition Co.*, the Second District Court of Appeal interpreted the language of the FWA to require an actual violation of the law. 157 So. 3d 458, 465 (Fla. 2d DCA 2015). Despite the different approaches, "*Aery* remains the controlling law on the issue because the discussion concerning the actual violation standard in *Kearns* was only in *dicta*." *Ritenour*, 2019 WL 2008675, at *7; *Tillman v. Advanced Public Safety, Inc.*, 2016 WL 11501680, at *4 n. 1 (S.D. Fla. Nov. 14, 2016) (Marra, J.) (same); *Thomas v. Tyco Int'l Mgmt. Co., LLC*, 262 F. Supp. 3d 1328, 1340 n. 6 (S.D. Fla. 2017) (Marra, J.) (same) (citing *Burns v. Medtronic, Inc.*, 2016 WL 3769369, at *5 (M.D. Fla. July 12, 2016) and *Canalejo v. ADG, LLC*, 2015 WL 4992000, at *2 (M.D. Fla. Aug. 19, 2015)); *see also, Villaman v. United Parcel Service, Inc.*, 2019 WL 922704, *6 n. 2 (S.D. Fla. Feb. 8, 2019) (Altonaga, J.) ("For purposes of summary judgment, the Court assumes the reading in *Aery* is the correct one—Plaintiff must only prove she had a good faith reasonable belief in the violation of law at the time she objected to the Defendants.").

Spirit's motion to dismiss sets forth two arguments: (1) Rivera failed to state a claim because his amended complaint does not identify a particular law,

rule, or regulation that Spirit violated and (2) the "manager rule" bars this suit. For the reasons set forth below, the Court declines to grant the motion based on either argument.

First, the amended complaint sets forth a federal regulation, 14 CFR 121.153, that Rivera contends Spirit violated. The Federal Regulation states that "no certificate holder may operate an aircraft unless that aircraft…is in airworthy condition and meets the applicable airworthiness requirements of this chapter." 14 CFR 121.153. Rivera further stated that he believed that Spirit violated this regulation "due to metal pieces that had become lodged in the jet's oil system." (ECF No. 13 at ¶ 43.) Because all Rivera is required to allege is that he had a good faith belief that Spirit violated the law, he has successfully stated a claim.

Second, the "manager rule" does not require dismissal at this stage. "In essence, the 'manager rule' holds that a management employee that, in the course of her normal job performance, disagrees with or opposes the actions of an employer does not engage in 'protected activity.'" *Brush v. Sears Holding Corp.*, 466 F. App'x 781, 787 (11th Cir. 2012) (citations omitted). "Instead, to qualify as 'protected activity' an employee must cross the line from being an employee 'performing her job . . . to an employee lodging a personal complaint.'" *Id.* (citations omitted).

The Court is doubtful that the manager rule applies to a Florida Whistleblower Act suit because Spirit did not cite any case from any Florida state court, the Southern District of Florida, the Eleventh Circuit, or the United States Supreme Court that applies the manager rule to an FWA claim. Furthermore, even if the manager rule applies, it is unclear from the allegations of the amended complaint whether Rivera acted within the course of his normal job performance in grounding the plane over the objection of his supervisor. (ECF No. 13 at ¶¶ 22-23.) Only if he did, does the manager rule apply. *See Goodwin v. Dyncorp International LLC*, 2015 WL 12672085, *4 (N.D. Fla. March 30, 2015) (applying the manager rule to the Plaintiff's FWA claim at the summary judgment stage after considering the undisputed facts on his normal job performance). Here, construing Rivera's allegations in the light most favorable to him, he acted outside the normal scope of his employment by grounding the plane over the objections of his supervisor. The manager rule may be taken up again on summary judgment, but, at this stage, the Court finds the rule inapplicable.

### 4. Conclusion

For the reasons set forth above, the Court **denies** Spirit's motion to dismiss (ECF No. 15).

**Done and ordered**, at Miami, Florida, on January 30, 2020.

_____
Robert N. Scola, Jr.
United States District Judge